UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MORETTO,

    Plaintiff,

v.                                     Case No.:  2:23-cv-930-SPC-KCD

MONICA WILSON,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Defendant Monica Wilson's Motion to Dismiss (Doc. 18).

## **Background**

Plaintiff Stephen Moretto is a prisoner of the Florida Department of Corrections (FDOC) formerly incarcerated in the DeSoto Annex. Defendant Monica Wilson was a sergeant who worked in Desoto's laundry department. Moretto claims Wilson refused to provide him with adequate, clean, and properly fitting clothing. Wilson seeks dismissal for failure to exhaust administrative remedies and failure to state a claim. The Court recounts the factual background as pled in Moretto's Amended Complaint, which it must take as true to decide whether the complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

While incarcerated at DeSoto Annex from 2015 to 2017, Moretto wrote "many" grievances against Wilson for denying him clothing. (Doc. 17-1 at 5). On April 26, 2018, Moretto returned to DeSoto after 10 months away. Wilson refused to give Moretto a clean set of clothes and said, "You're a grievance writer, so go write it up." (*Id.* at 5). Moretto wrote a grievance, it was approved, and on May 23, 2018, he received clean clothes.

Moretto was housed in confinement from November 13 to December 4, 2018. When he got out of confinement, Wilson refused to give him clean clothing and said, "since you like to give me a hard time writing grievances, you can write this up as well." (*Id.* at 5). Moretto went back to laundry on December 4, 2018, and Wilson issued him two sets of 4x size clothing. Moretto complained that he wore size 6x, but Wilson refused to give him the larger size. Moretto was sent back to confinement in May 2019, and Wilson refused to provide him clean clothes for 35 days. On two occasions in 2019, other inmates gave Moretto 6x pants, but Wilson replaced them with 4x pants.

Moretto's clothing went missing on August 27, 2019, and Moretto believes Wilson is to blame. On September 21, 2019, Moretto went to laundry with a medical pass for boots. Wilson refused to provide them and said, "since you like to write me up, you can write this up as well." (*Id.* at 9).

On October 21, 2019, Moretto went to laundry with a pass for long sleeve shirts. Wilson refused and said, "go write it up." (*Id.* at 10). Twice in

November 2022, Moretto complained that he did not have enough clothing. Each request for more clothes was granted, but Moretto continued to receive 4x pants. That changed in December 2020, when Wilson was on vacation and an official gave Moretto larger pants. When Moretto was transferred to Sumter C.I., they measured him and issued 8x pants.

Moretto believes the 4x pants made him a target of homosexual prisoners. On October 3, 2019, Moretto got into an altercation with a homosexual inmate who whistled at him because of the tight pants. Another inmate whistled at Moretto and "pinched [his] back side" on November 18, 2020. (*Id.* at 12). On January 24, 2021, another inmate pinched Moretto just above the buttocks and blew kisses at him. Moretto fought the inmate, and he was put in confinement. Because he touched the other inmate's blood, medical staff gave him medication to help prevent HIV.

Moretto asserts that Wilson violated the First Amendment and Eighth Amendment by issuing him ill-fitting pants. Moretto claims the pants were retaliation for the grievances he filed against Wilson for refusing to provide his allotted three sets of clothes. (*Id.* at 16). Moretto also claims the 4x pants were cruel and unusual punishment because they caused him to be sexually harassed by other inmates. (*Id.* at 16-17). Wilson argues Moretto failed to exhaust administrative remedies and failed to state a claim.

**Legal Standard**

Under the Prison Litigation Reform Act (PLRA), before a prisoner may bring a claim challenging the conditions of his confinement, he must exhaust available administrative remedies. 42 U.S.C. § 1997e. The purpose of administrative exhaustion "is to put the administrative authority on notice of all issues in contention and to allow the authority an opportunity to investigate those issues." *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (cleaned up). The PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The Eleventh Circuit has established a two-step process for deciding a motion to dismiss for failure to exhaust administrative remedies:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed…
>
> If the complaint is not subject to dismissal at the first step, where plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those

findings the prisoner has exhausted his available administrative remedies.

*Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008).

## Discussion

The Florida legislature delegated the establishment of administrative remedies for aggrieved inmates to the FDOC. *Chandler*, 379 F.3d at 1287. The FDOC created a three-step grievance process. To exhaust it, a prisoner must (1) file an informal grievance to the responsible staff member; (2) file a formal grievance with the warden's office; and (3) appeal the formal grievance to the Secretary of the FDOC. *Id.* at 1288.

Wilson argues Moretto failed to exhaust the FDOC's grievance procedure. She submits an affidavit from Alan McManus, Bureau Chief of the Bureau of Policy Management and Inmate Appeals. (Doc. 18-1). McManus reviewed Moretto's grievances and appeals from January 1, 2018, through December 31, 2021. Moretto filed a slew of informal and formal grievances relating to his clothing during that period. Seven of them were approved, so Moretto did not need to appeal them. Moretto complained of the following issues in those grievances:

- No. 564-1805-0031: Wilson refused to issue whites without seeing Moretto's personal property list (Doc. 18-1 at 8)
- No. 564-1805-0134: Sergeant Nolan refused to issue boxers, t-shirts, or socks without seeing Moretto's property log (*Id.* at 9)
- No. 564-2011-0105: Wilson refused to issue long-sleeve shirt despite a medical pass (*Id.* at 19)

5

- No. 564-2011-0219: A blue shirt was missing from Moretto's laundry (*Id.* at 21)
- No. 564-2011-0314: Moretto did not a laundry review for 3 years except for partial reviews when he got out of confinement (*Id.* at 22)
- No. 564-2011-0303: Wilson reported she gave Moretto two blue shirts after only issuing him one (*Id.* at 25).
- No. 564-2101-0231: Wilson did not issue Moretto long-sleeve shirts (*Id.* at 23)

None of these grievances put FDOC officials on notice of the claims Moretto asserts in this action, so they do not satisfy the exhaustion requirement.

Wilson identifies nine other grievances relating to Moretto's claims. They were all denied on their merits or returned without action because they did not comply with the administrative rules. Moretto did not appeal any of those grievances to the Secretary, so they cannot satisfy the exhaustion requirement.

In response, Moretto submits an appeal to the Secretary to show that he exhausted his administrative remedies. (Doc. 28-1 at 20-21). It appears to be an appeal of Informal Grievance No. 564-2011-0314, in which Moretto complained he had not had a complete laundry review in three years and as a result was missing a set of clothing. That grievance was approved, so Moretto did not need to appeal it. As explained above, the '0314 grievance did not satisfy the exhaustion requirement because it did not give FDOC officials fair notice of Moretto's claims that Wilson violated his First and Eighth Amendment rights by issuing ill-fitting pants.

6

Moretto also argues he did not need to exhaust the grievance procedure because it was unavailable to him. The Supreme Court has recognized three kinds of circumstances in which an administrative remedy is not available: (1) the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (2) the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use[;]" and (3) "when prison administrators thwart prisoners from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake,* 578 U.S. 632, 643-44 (2016). Because the FDOC grievance process is generally available to Florida prisoners, the burden is on Moretto to show the remedy was effectively unavailable to him. *See Wright v. Ga. Dep't of Corr.*, 820 F. App'x 841, 845 (11th Cir. 2020).

Moretto argues Wilson and other officials thwarted his efforts and made the process a dead end by mishandling his grievances. First, Moretto argues the wrong official responded to Informal Grievance No. 564-1906-0092, which Moretto labeled as a grievance of reprisal. A sergeant in the laundry department named Diaz returned the grievance without action. Fla. Admin. Code r. 33-103.015(3) states that only the warden or acting warden may approve, return, or reject a grievance of reprisal "filed directly with the warden." Fla. Admin. Code r. 33-103.006 allows inmates to skip the informal

7

grievance step and file certain types of grievances—including grievances of reprisal—directly with the warden on a particular form. *See also* Fla. Admin. Code r. 33-103.005(1). Moretto did not file a grievance directly with the warden and opted instead to file an informal grievance. It was appropriately "forwarded to the staff member who is responsible in the particular area of the problem[.]" Fla. Admin. Code r. 33-103.005(1)(b). Moretto could have filed a formal grievance after Diaz returned the '0092 informal grievance, but he did not.

Second, Moretto claims Wilson violated Fla. Admin. Code r. 33-103.015(6), but he misstates the rule. Subsection (6) prohibits officials from referring grievances of reprisal and grievances alleging physical abuse to the staff person who is the subject of the complaint. Moretto ignores the limitation to suggest that no grievances may be referred to the subject of the complaint. Wilson responded to five grievances Moretto submitted against her. None of them alleged physical abuse, and only one alleged reprisal. (*See* Doc. 28-1 at 5-9). Wilson denied that informal grievance of reprisal, and Moretto did not proceed to the next step by filing a formal grievance.

Third, Moretto claims officials thwarted his efforts for administrative remedies by destroying his grievances or delaying delivery of the responses until after the appeal deadline. Moretto does not specifically claim that officials tampered with any grievances relating to the claims asserted in this

8

case. What is more, the administrative rules allow an inmate to proceed to the next step of the grievance process if he does not receive a timely response. Fla. Admin. Code r. 33-103.011(4). So even assuming Moretto's claim is true, it would not have prevented him from continuing with the grievance process.

Even accepting Moretto's version of the facts as true, he has not shown that he exhausted the FDOC grievance procedure. Moretto did not give the FDOC a fair opportunity to address the claims he raises in this action by completing the three-step grievance process in accordance with the administrative rules. Nor has he demonstrated that the procedure was unavailable to him. In fact, it is undisputed that FDOC officials approved many of Moretto's grievances relating to his laundry complaints. The Court will thus dismiss this action without prejudice for failure to exhaust available administrative remedies as required by the PLRA.

Accordingly, it is now

**ORDERED:**

Defendant Monica Wilson's Motion to Dismiss (Doc. 18) is **GRANTED**. Moretto's Amended Complaint (Doc. 17) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 21, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record